```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF ALABAMA
                  SOUTHERN DIVISION
```

RICHARD LEE WATTS, #131329,   \*
    Petitioner,   \*
vs.   \* CIVIL ACTION NO. 15-00121-CG-B
CYNTHIA STEWART,   \*
    Respondent.   \*

## REPORT AND RECOMMENDATION

Richard Lee Watts, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 4). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as procedurally barred.

## FINDINGS OF FACT

On October 18, 2012, Watts pled guilty to second-degree receiving stolen property in Mobile County Circuit Court, and was sentenced to fifteen years in prison. (Doc. 16-1 at 12-16).

The Court suspended the sentence, and placed Watts on probation for three years. (Id.). On October 2, 2014, the Circuit Court of Mobile County revoked Watts' probation after he was charged with committing several new criminal offenses.[1] (Doc. 16-2 at 9). Watts did not file a direct appeal of either his 2012 conviction and sentence or his 2014 revocation. (Doc. 4 at 3). Watts attempted to file a Rule 32 petition; however, it appears that he did not seek *in forma pauperis* status or pay the required filing fee, so the Circuit Court Clerk's office returned the petition to him and advised him that he was required to file a proper In Forma Pauperis Declaration or pay the $260.00 filing fee. (Doc. 16-3). There is nothing in the record evidencing that Watts ever paid the filing fee or that he filed a proper In Forma Pauperis Declaration.

Watts filed the instant § 2254 petition on March 3, 2015.[2] (Doc. 4). In his petition, he attacks his 2012 conviction on the following grounds: (1) the conviction is unlawful because of

---

[1] These offenses include "certain persons forbidden to possess a pistol[,]" "possession, receiving, or transporting of a firearm[,]" and "receiving stolen property II[.]" (Doc. 16-2 at 1-2, 5-6).

[2] It is not clear what date Watts gave his petition to prison officials for mailing. Accordingly, the Court will use the postage date of March 3, 2015, stamped on the envelope. (Doc. 1 at 17). Watts also filed another § 2254 petition with this Court on June 26, 2015. That case, styled Civil No. 15-355-KD-N, was dismissed without prejudice on January 5, 2016, for failure to prosecute.

a "statement confession" from Terry Whitney dated December 25, 2013; (2) the police illegally searched the "premises" without a search warrant; (3) his trial counsel was ineffective because counsel "refused to fight" the case, failed to subpoena witnesses, and coerced Watts into pleading guilty; and (4) the trial court failed to sign the order of probation and the guilty plea form. (Id.).

In Respondent's brief in opposition to Watts' petition, Respondent asserts that Watts' petition is untimely,[3] and that he has not exhausted his claims in state court, and has no further state court remedies available. (Doc. 16 at 6). Therefore, his claims are procedurally defaulted from federal habeas review. (Id.). For the reasons set forth herein, the undersigned recommends that the Watts' petition be dismissed because it is procedurally defaulted.

## ANALYSIS

Section 2254(b)(1) provides that a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of

---

[3] While Respondent contends that Watts' claims are barred by the statute of limitations articulated in § 2244(d)(1), the AEDPA limitations provision is focused on the judgment which holds the petitioner in confinement – in this case, his probation revocation on October 2, 2014. See Green v. Price, 439 F. App'x 777, 782-783 (11th Cir. 2011). Given that Watts' petition was filed on March 3, 2015, which is within one year of the revocation, his petition is deemed timely notwithstanding that he seeks to raise issue surrounding his 2012 conviction.

the State." A habeas claim is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). More precisely, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id., 526 U.S. at 845; see also Kelley, 377 F.3d at 1344 ("The petitioner must present his claims to the state courts such that they are permitted the 'opportunity to apply controlling legal principles to the facts bearing upon (his) constitutional claim.'"); cf. Preiser v. Rodriguez, 411 U.S. 475, 477, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

4

Watts did not file an appeal from his 2012 guilty plea conviction and sentence, nor did he appeal from the 2014 revocation of his probation. (Doc. 4 at 2; Doc. 16-2). As noted *supra,* it appears that Watts attempted to file a Rule 32 petition; however, his petition was returned by the Circuit Court Clerk's office because he did not include an *in forma pauperis* declaration or filing fee. (Doc. 16-3). There is nothing before the Court that indicates that Watts corrected the deficiency or took any other steps to pursue a Rule 32 petition. Accordingly, Watts has not exhausted any of the claims raised in his petition in state court; thus, a writ of habeas corpus should not be granted under § 2254(b)(1).

Moreover, at this juncture, there are no further remedies available in the state court. None of Watts' claims are jurisdictional, and his failure to file an appeal precludes state collateral review of the claims. Ala. R. Crim. P. 32.2(a)(5) (A petitioner "will not be given relief under this rule based upon any ground . . . [w]hich could have been but was not raised on appeal . . ."). In other words, Watts' failure to appeal either his conviction or revocation means that he would be unable to now file a Rule 32 collateral attack in state court; thus, his claims are procedurally defaulted. See <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n.1 (1991) (citations omitted) (noting that, if a petitioner fails to exhaust state remedies

5

"and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,]" there is procedural default for the purposes of federal habeas); Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003)(stating that when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

There is a safety valve for procedurally defaulted claims: federal district courts may consider them on the merits if the petitioner can show either (1) cause for the procedural default and actual prejudice resulting from the alleged constitutional violation; see Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (citing Wainwright v. Sykes, 433 U.S. 72, 84-85, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)) or (2) that failure to consider the merits would be a fundamental miscarriage of justice. Hart v. Dunn, 2015 U.S. Dist. LEXIS 149736, 2015 WL 6755304 at *6 (S.D. Ala. Nov. 4, 2015). Watts has made no such showing in the instant case. The only explanation given for his failure to pursue an appeal or Rule 32 motion is "lawyer quit me lack of money." (Doc. 4 at 5). Watts does not elaborate on this statement, or provide any evidence that he attempted to file an appeal *pro se*. The only other notation regarding any proceeding is in reference to his Rule 32 petition, which he said was

6

"never responded to by court or District Attorney." (Doc. 4 at 4). As noted above, although Watts was advised that he needed to file an *in forma pauperis* declaration or pay the filing fee in conjunction with his Rule 32 petition, Watts does not allege, and the record does not reflect, that he did so. (Doc. 16-3). Accordingly, his brief, unsupported claims are not sufficient to demonstrate that there is cause for his failure to raise his claims in state court and prejudice.

Watts has also failed to satisfy the miscarriage of justice standard. The miscarriage of justice standard is directly linked to actual innocence. Schlup v. Delo, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. Id. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' Schlup, 513 U.S. 298, 327-328, 115 S. Ct. 851, 867-868, 130 L. Ed. 2d 808 (1995). The standard exacted by Schlup "is demanding and permits review only in the '"extraordinary"' case." House v. Bell, 547 U.S.

518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." Id. at 537.

In this case, Watts seeks to utilize a statement that was allegedly made by Terry Keith Whitney on December 25, 2013, presumably to support a claim of actual innocence. (Doc. 4 at 14). In the statement, Whitney alleges that he left the stolen property at Watts' house without his knowledge. As a preliminary matter, the undersigned notes that the statement is not notarized or written under penalty of perjury. Moreover, the statement does not include newly-discovered evidence, as Watts was fully aware, at the time of his guilty plea, of whether or not he had personal knowledge of the stolen property; thus, the Whitney statement did not provide Watts with any information that he did not possess at the time of his guilty plea. When pleading guilty, Watts acknowledged his guilt under oath in open court. He has failed to present the sort of new, reliable evidence of innocence sufficient to satisfying the stringent standard set forth in Schlup. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further").

In the instant action, Watts' claims are procedurally barred, and he has failed to offer facts justifying the cause and prejudice, or miscarriage of justice exception. He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Watts should be allowed to proceed further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Watts' petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the undersigned **recommends** that the Court dismiss Watts' petition with prejudice as procedurally barred, and find that Watts is not entitled to a

Certificate of Appealability, and should not be permitted to proceed *in forma pauperis* on appeal.[4]

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

---

[4] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

11

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **7th** day of **March, 2018.**

                                      **/s/ SONJA F. BIVINS**
                            **UNITED STATES MAGISTRATE JUDGE**